TEILLARD v. TEILLARD ET AL.

APPEAL from the District Court of Mayagüez.

No. 714.—Decided June 21, 1912.

ACQUISITION BY PRESCRIPTION—POSSESSION.—Mere possession may produce the effect that by such possession dominion may be acquired upon the lapse of a certain period of time under the conditions established by law, the true

owner being prejudiced and his real action becoming extinguished, rendering him unable to recover what was his and which he lost through his negligence. *García* v. *De los Angeles*, 13 P. R. R., 74.

Id.—Possession—Dominion.—A person having possession only of real property or of a real right thereto in order to acquire dominion by prescription must necessarily possess the same for 30 years, because the law provides that on the lapse of that period of time, dominion is acquired without the necessity of lawful title of acquisition and even without good faith.

Possession—Title of Bargain and Sale—Dominion.—A purchaser acquiring possession of real property by title of bargain and sale from a person who had only the duly justified possession without dominion title has, from the time of the purchase, not only the possession transferred by the vendor but possession by virtue of a title of bargain and sale, which is a just title upon which to acquire dominion; and although said title of bargain and sale does not give the purchaser dominion of the property because his vendor did not have it, it places the buyer in a position to acquire dominion without waiting for the lapse of 30 years.

Id.—Prescription—Title by Prescription Under Old Law and New.—The provisions of article 1957 of the old Civil Code were modified by the Judicial Order of April 4, 1899, which fixed the lapse of time for the acquisition of dominion by prescription at six years in regard to persons present as well as to absentees, and to this modification retroactive effect was expressly given. The Revised Civil Code of 1902 reestablished the period of 10 years in regard to persons present and 20 years as to absentees for the acquisition of dominion.

Id.—Presumption of Good Faith—Ejectment.—A complaint in ejectment which does not allege that the purchaser of the property in litigation acquired and had possession of the same in bad faith, good faith in said acquisition and possession thereof will be presumed.

The judgment of the Supreme Court of Spain of April 27, 1906, is referred to and declared inapplicable to the case at bar.

The facts are stated in the opinion.

*Mr. Cayetano Coll y Cuchí* for appellant.

*Mr. José de Diego* for respondents.

Mr. Justice Aldrey delivered the opinion of the court.

On March 18, 1911, Eugenia Teillard brought an action in the District Court of Mayagüez against Armando Teillard and the Succession Bianchi, wherein she alleged substantially that she and the defendant, Armando Teillard, are joint owners of an undivided interest of 40.079 per centum of the próperty described therein and known by the name of "Santísima Trinidad," situated in *barrio* Las Marías in the municipality of Añasco; that, together with the defendant, Armando Teillard, she acquired such joint interest by inherit-

ance from her mother, Ursula Dukey, and her grandmother, Polonia López, respectively; that in the settlement of the estate of the latter there was adjudicated to them and to another brother, Arturo, the sum of $4,289.71, and in that of the former, which was effected by her husband, Pablo Teillard, the sum of $50,000, making a total of $54,289.71; that in the year 1892 Arturo Teillard alienated his share to Pedro T. Ruiz, who in turn sold it, together with other shares which he had acquired of other persons, to Carlos de Choudens, the latter having caused such joint interest to be recorded, but in making the entry in the registry of property it was stated that the remainder of the property belonged to Pablo Teillard; that in April, 1894, Arturo Teillard obtained from the Municipal Court of Añasco the granting of a possessory title in which it was declared that 22.19 per centum of the aforesaid joint interest of 40.079 per centum belonged to Pablo Teillard, and that there belonged to his brother and sister, Armando and Eugenia, 8.893 per centum each of the remainder; that said title was granted upon the false and fraudulent representations made by Pablo and Arturo Teillard, the plaintiff's father and brother, respectively, who alleged that the 22.19 per centum had been adjudicated to the former as property of the conjugal partnership, when he had never had any participation in the real property in question; that, according to public deeds of January 5 and March 6, 1894, Pablo Teillard, through his attorney in fact, Arturo Teillard, sold such right of possession to Alfredo Christy, to whom later, in the settlement of the estate of Teillard's wife, the same was adjudicated in the year 1908, he having sold the same to his daughter, Circiaca Christy, who, in 1910, mortgaged it to the Succession Bianchi, by which it was later acquired in satisfaction of their mortgage credit; and the plaintiff, after stating that the possessory title as well as the other transfers mentioned were recorded in the registry of property, and that she includes her brother, Armando, among the defendants because his whereabouts are unknown to her,

he being a necessary party to the action, concludes with the prayer for the nullity of the possessory title and of all the contracts derived therefrom, and that the entries thereof in the registry of property, as well as the statement made in the record of de Chouden's title, be canceled; and, finally, that the record of the aforesaid joint interest in the registry of property be decreed the exclusive property of the plaintiff and the defendant, Armando Teillard.

The complaint was demurred to by the Succession Bianchi on the ground, among others, that the action of ejectment instituted therein has been rendered void and ineffective by prescription, through which the defendants acquired dominion, in accordance with section 1957 of the former Civil Code (1859 of the Civil Code in force) and with the judicial order of April 4, 1899.

On this ground the demurrer was sustained by the District Court of Mayagüez, and in consequence the judgment of May 12, 1911, from which the plaintiff, Eugenia Teillard, has taken the present appeal, was entered in the record.

The issue, therefore, is whether it appears from the complaint that the title to an interest of 22.19 per centum in the property "Santísima Trinidad," declared to belong to Pablo Teillard and which the plaintiff alleges to possess, has become ineffective because the defendant, the Succession Bianchi, has acquired dominion thereof by prescription.

Of course mere possession produces the effect that through it dominion may be acquired upon the lapse of a certain time under the conditions provided by law, the real proprietor being prejudiced and his real actions prescribing, for which reason he cannot recover what was his and was lost to him through his negligence.

With respect to this the judgment of the Supreme Court of Spain of October 25, 1881, is as follows:

"* * * because if the void title cannot cease to be such converting itself into a valid one, the laws based on reasons of public convenience have in some cases accorded to possession an irrevocable

force, not on the strength of its original cause, but in view of the respect due to a status consecrated by the lapse of time.''

This same doctrine was laid down by this Supreme Court in the case of *Garcia* v. *De Los Angeles,* 13 P. R. R., 74, as follows:

"Prescription as a means of acquiring ownership cannot be confused with prescription as a means of losing it. For the former, according to article 1957 of the former Civil Code, possession in good faith and with a proper title for a period of 10 years as to persons present and 20 years with regard to those absent, was sufficient; but for the latter—that is to say, to consider an action to have extinguished—the lapse of 30 years without its enforcement on the part of the owner of the real property during that time was necessary, in accordance with the provisions of article 1963 of said code; but as it might happen that during the course of the latter period a third person might have acquired the ownership by possession for 10 years as to persons present, or 20 years with regard to those absent, in good faith and with a proper title, in accordance with the provisions of article 1957, in such case it is evident that the real owner would have lost his right owing to his failure to enforce it during that period of time, and that he would not have the right to invoke in his favor the provisions of article 1963 in order to allege that his action could not be considered as having prescribed because 30 years had not elapsed.

"For this reason article 1963, which we have just cited, after providing in its first paragraph that real actions with regard to real property prescribe after 30 years establishes in its second paragraph the proviso that this shall be understood without prejudice to the prescriptions relating to the acquisition of ownership or of property rights by prescription; alluding, certainly, to article 1957, which fixed at 10 years as to persons present and at 20 years as to persons absent, in good faith and with a proper title, the time for the ordinary prescription of ownership and other property rights in real property.

"But then came General Order of April 4, 1899, which amended article 1957 of the Civil Code, reducing the period for ordinary prescription of ownership and other property rights, in good faith and with a proper title, to six years, but without modifying or amending in the slightest manner the other article, 1963, which fixed the prescription of real actions relating to real property at 30 years, said article continuing in force, although always with the proviso contained

in the second paragraph thereof, with respect to the acquisition of ownership and other property rights by prescription, which proviso, after the publication of the said general order, it is evident, was to be understood in relation with the provisions thereof relating to the acquisition of ownership and other property rights in real property, by possession for six years, in good faith and with a proper title,'' etc.

Moreover, paragraph 5 of section 394 of the Mortgage Law in force provides as follows:

''The entry of possession shall not prejudice the person who has a better right to the ownership of the realty, although his title has not been recorded, unless the prescription has confirmed and secured the claim recorded  *  *  *.''

In view of the foregoing, if the defendant, the Succession Bianchi, has through prescription acquired dominion of the interest which the plaintiff claims as joint owner the right which she alleges to have together with her brother would have been lost; she cannot recover such interest, and, therefore, cannot bring actions for nullity which would not affect the same.

A person who is merely in possession of real property or of a real right thereto, in order to obtain dominion through prescription must necessarily possess the same for 30 years, because the law provides that on the lapse of such period of time, without the necessity of a just title of acquisition and even without good faith, dominion is acquired.

But when possession is acquired from another person by a deed of bargain and sale, as occurred in this case, said third person is not in the same condition as the person from whom possession is derived. The latter merely had duly justified possession of the thing without dominion title, and such possession is what he transfers to the buyer, since he cannot transfer more than what he has; but not only has the purchaser henceforth the transferred possession, but he has it by virtue of a bargain and sale, which is just title upon

which to acquire dominion. On this subject an eminent author of treatises on Spanish civil law says:

"Just title may be defined as a lawful ground for the transfer of dominion. But from this definition it cannot be inferred that a dominion title existing, prescription would be useless, because the title in itself, especially if derived, does not confer dominion, but is merely a lawful ground for the transfer thereof. In fact, the person from whom possession is derived is either the owner or lacks dominion of the thing transferred. In the former supposition the property has been transferred by means of just title  *  *  *. In the latter case, as *nemo dat quod non habet,* it is evident that dominion cannot be had through just title  *  *  *. This is the case precisely wherein the necessity of prescription occurs."

The contract of bargain and sale that the plaintiff acknowledges the defendant, the Succession Bianchi, to possess does not give the latter dominion because the person from whom possession is derived did not have it, but it puts them in condition to acquire the same without waiting for 30 years to elapse.

This is not only just but legal unless the prescriptions of the Civil Code providing that after the lapse of 10 years as to persons present and of 20 as to absentees, dominion of real property possessed in good faith and by just title is acquired by prescription should be rendered ineffective.

If possession transferred by virtue of a sale requires, even thus, 30 years to prescribe, such provisions of the Civil Code, as also the many decisions of this Supreme Court the greater number of which are embodied in volumes 3, 5, and 6 of our reports and were rendered in dominion cases in accordance with the aforesaid provisions, would be useless.

In one of said cases ( *Ex Parte Pinto,* 6 P. R. R., 149) it is said that it having been shown that the land was purchased and was then possessed for 23 years and that quiet and peaceful possession thereof was had since then, the requisites for the acquisition of dominion through prescription, in accordance with section 1957 of the former code and with the judi-

cial order of April 4, 1899, which required for the purpose six years only of uninterrupted possession, in good faith and with just title, are more than sufficiently complied with.

The same doctrine is laid down in the following cases: *Ex Parte Martínez,* 6 P. R. R., 169; *Ex Parte Tapia,* 6 P. R. R., 509; *Cobian* v. *Registrar of Property,* 11 P. R. R., 88; and in many other decisions.

Now, then, such provisions of the Civil Code in force in 1894 were modified, as we have seen, by the judicial order of April 4, 1899, which fixed the lapse of time for prescription, with respect to persons present as well as to absentees, at six years, said modification having been expressly given a retroactive effect, but the same was repealed in 1902, when the Revised Civil Code reestablished the 10 and 20 years of the previous code.

In consequence of the foregoing, Pablo Teillard having sold to Alfredo Christy, in 1894, the interest to which the possessory title referred, the six years mentioned in the said judicial order expired in 1900, from which date prescription converted possession into dominion, since the complaint does not allege that the purchaser acquired and possessed the same in bad faith good faith is assumed, and therefore Alfredo Christy had, as also his successors in interest, and as the Succession Bianchi now has, a dominion title with which to oppose the plaintiff, making her title ineffective and extinguishing such actions as were derived therefrom.

The complaint states that the possessory proceedings and the several transfers were recorded in the registry of property, but as the date of such entries is not stated we cannot consider the question of the conversion into dominion of the recorded possession, as regulated by section 393, paragraph 6, of the Mortgage Law, and by the amendment thereof through the judicial order above mentioned.

The attorney for the appellant strongly based his argument upon a judgment of the Supreme Court of Spain dated April 27, 1906, wherein it is laid down that the ordinary 30

years' prescription is not that which is necessary to convert into dominion the possession in that particular case alleged, since the record referred only to the mere fact of possession, and that such record was not equivalent to title. We are agreed in that the record is not equivalent to title and, consequently, all of the time for the extraordinary prescription must have elapsed, and such being the case the third parties who acquired the property founded the alleged prescription on the ground that the first person who recorded the mere possession had acquired dominion by ordinary prescription, and did not take the ground of possession through title because their acquisition was very recent. Therefore the aforesaid decision is not applicable to this case.

For the foregoing reasons the judgment should be affirmed.

*Affirmed.*

Chief Justice Hernández and Justices MacLeary and del Toro concurred.

Mr. Justice Wolf signed stating that he agreed with the judgment.